ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 22-CR-00229-001 HSG |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MOISES DEJESUS GOMEZ, | |
| Defendant. | |

**I.  INTRODUCTION**

The defendant, Moises DeJesus Gomez, manufactured and sold firearms incessantly. Law enforcement investigated a ring of firearms traffickers who used the Instagram platform for advertising their firearms sales. As part of the investigation, law enforcement identified the defendant. From July 2021 through April 2022, the defendant consistently and continuously manufactured and sold firearms on Instagram. Based on the investigation, law enforcement executed a search warrant on the defendant's residence on April 14, 2022, recovering several indicia of firearms trafficking.

On June 16, 2022, the Government filed an indictment charging the defendant with one count of Dealing in Firearms Without a License pursuant to 18 U.S.C. § 922(a)(1)(A). On October 12, 2022, the defendant pled guilty to the sole count of the indictment without a plea agreement with the

1

Government.  This case is set for sentencing on October 11, 2023, before the Honorable United States District Judge Haywood S. Gilliam, Jr.

Based on the nature of the offense in this case and the defendant's lack of criminal history, the Government believes that a sentence of 33 months in custody, the low end of the guidelines, followed by three years of supervised release is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2).

**II.   OFFENSE AND RELATED CONDUCT**

California Highway Patrol ("CHP") Investigator Eric Kleinschmidt followed Instagram Account "COUPESGOINGCRAZY"—later linked to the defendant—because the account owner claimed "Captain" of the Bay Area Truck Cartel, a known street racing group.  The account commonly posted street racing-related content. Following that account led to the defendant and others engaged in firearms trafficking.

   *a.   Law enforcement investigates "COUPESGOINGCRAZY"*

CHP Inv Kleinschmidt began monitoring an Instagram account "COUPESGOINGCRAZY" on July 29, 2021.  As he was monitoring the Instagram page, he observed several indicia of firearms dealing (firearms for sale on the page).  Some of those images are reproduced below:



Screenshots of Gomez's Instagram: 10 short barrel rifles built with the same front hand guard and silver trigger. All without serial numbers

2

Based on CHP Kleinschmidt's observations, CHP obtained a search warrant for the Instagram account. According to Instagram records, the "coupesgoingcrazy" account belonged to "Familia Gomez / Del toro Guman" and was associated with email address mgomez35@rocketmail.com, and phone number xxx-xxx-6470. This phone number was linked back to the defendant.

Law enforcement reviewed the defendant's friends list on Instagram and observed username "HAZELPEWPEW." The name listed on the account was "Roy Montoya Avila," later identified as Montoya (22-cr-00230-JST). Law enforcement observed several messages between the defendant and Montoya beginning on July 24, 2021. These conversations began in Spanish with the defendant asking Montoya if Montoya knew anyone who could get Glocks, because people are asking for them in Mexico. The conversation continued and eventually Montoya shared photographs of AR-15 style pistols and an M-16 style rifle with an affixed grenade launcher. Inv. Kleinschmidt recognized these photographs as matching various photographs posted by the defendant on his Instagram account. The pictures are below:




Further review of the messages showed that Montoya "already got like 5 sold…out of 11." Montoya also sent a screenshot (below) to the defendant of messages with another person that was indicative of firearms trafficking. The conversation is in Spanish, but clearly refers to firearms, including an "Fn scar 308," which is an assault rifle, a "Minimi" and a "Minimi fn" which appears to

refer to a Belgian-made 5.56mm light machine gun, as well as "50 barret," which appears to refer to a .50 caliber Barrett sniper rifle.

[screenshot of text message conversation with Tomas:
- Pesos?
- Dolar
- Minimi -20-25k
- Fn scar 308 - 15-17k
- Ares defense ponle k me salga 6-7k aqui contigo
- Culiacan 12k
- Facil
- Como pan
- K tal los Rs
- Esos se pueden hacer un chingo
- Minimi fn / Scar fn / M919 browning / 50 barret
- R15 al menos k sea original m4
- O kolashnikov
- Ahh los ares defense tambien
- Pa cruzar t facil pero saliendo d tijuas]

The July 24, 2021 conversation between Montoya and the defendant continued regarding firearms. Below are excerpts from the conversations.

  **Montoya**: they was selling me a long AR for 3000
  **Montoya**: last time I went
  **Montoya**: a box of 9 over there is 100 dollars
  **Gomez**: over there the sale is higher

On July 27, 2021, the defendant shared a picture of ten (10) AR-15 type firearms on a bed, with a caption reading "no matter how much I want"

  **Gomez**: 1100 each one

A video call occurred between the two parties.

4

| | | |
|---|---|---|
| **Montoya**: | give it to me | |
| **Montoya**: | after work | |
| **Gomez**: | I can go pick her up. Then ill bring you the money, its because my cousin wants it. I don't have cash but he has it. | |
| **Montoya**: | its good | |

…

On July 28, 2021, the conversation between the defendant and Montoya continued.

| | | |
|---|---|---|
| **Gomez**: | let me know cms with ammo |
| **Montoya**: | no lol |
| **Gomez**: | ni full clip |
| **Gomez**: | Is good let me know im gonna drop it off around the corner AST. Then ill drop you the money at chonks house. |
| **Gomez**: | is 556 |
| **Gomez**: | so do I go to Seminary |
| **Montoya**: | yes 556 |
| **Montoya**: | you want side charger or regular |
| **Gomez**: | send me a pick, of the two so I can ask him |
| **Montoya**: | <shared a photo of an AR-15 style handgun with a caption following "regular"> |
| **Montoya**: | shared a photo of an AR-15 style handgun with a side charge handle followed by a text "side charger"> |
| **Montoya**: | Like AK |
| **Gomez**: | that's wett, let me ask |
| **Gomez**: | the regular one |
| **Gomez**: | omw, seminary or chonch house ? |
| **Montoya**: | ima head to chonch In 5 minutes |
| **Montoya**: | im leaving my house |
| **Gomez**: | im on my way also |
| **Montoya**: | im here |

(video call occurs between the two)

| | | |
|---|---|---|
| **Gomez**: | can you bring me a side charge one. My neighbor wants one. He comes later and I will give you the money tomorrow |

…

| | | |
|---|---|---|
| **Gomez**: | there are 5 more that want them but later on |
| **Montoya**: | I got 4 more I might have one sold already |
| **Gomez**: | ok let me tell them to lock in |
| **Gomez**: | do you have regular. I have someone who wants one. Can I pick it up after my hair cut |
| **Montoya**: | is good im gonna be home in a couple hours |
| **Gomez**: | that way I can show it to them. But this one does want it. So when he gets out of work at 530, ill take you the money for both |
| **Montoya**: | <sends a photo of a map from Sebastopol to xxx Street in Oakland, CA> |

1  During these exchanges the defendant stated that he got a new AR Jig so that he can make a
2  machine gun.  The conversation continued over several weeks, during which the defendant confirms his
3  address.  Law enforcement observed messages between the defendant and other individuals indicative of
4  his continuous firearms trafficking.

5  On July 23, 2021, the defendant indicated to another Instagram user that he needs at least 10
6  Glocks.  That same day, the defendant relayed to another user that the defendant needed real firearms
7  like out of the store as he has a good buyer in TJ that's good for 10 a month, every month.  That same
8  Instagram user indicated that the user needs an AR and the defendant replied with two photos of short-
9  barreled AR-15 rifles.  The user inquired about ammunition, to which the defendant responded with his
10 zelle information.



Screenshot of the defendant's conversation with a user requesting firearms and ammunition

20 On July 25, 2021, the defendant noted to another Instagram user that the defendant was selling
21 an AK47 for $2k that he originally bought for $1400.  In a separate conversation with another user on
22 that same day, the defendant indicated that he could get the user a side charger AR-15 for $1200.  On
23 July 31, 2021, the defendant relayed to this same user that the AR-15 was sold, but that "they got more,
24 brand panter arms."  From July 30, 2021 to August 4, 2021, another Instagram user inquired about
25 "toys." The defendant sent the user a picture of a black 1911 handgun and stated that it was "$1500 with
26 two sticks."

27 Based on this information, law enforcement obtained a search warrant for the defendant's
28 residence.

       b. *Law enforcement searches and interview the defendant*

On April 14, 2022, law enforcement executed a search warrant at the defendant's residence. Law enforcement recovered the following:

    i. Armscor/RIA Model 1911-A1 FS, .38 Super pistol, s/n: RIA2180469;
    ii. Ruger Model New Model Blackhawk, .45 Colt revolver, s/n: 4832786;
    iii. Derya Arms Model VR-80, 12 gauge shotgun, s/n: R422264;
    iv. Romarm Model WASR-10, 7.62x39mm rifle, s/n: A17235519RO;
    v. Springfield XD Model XD40 Compact, .40 pistol, s/n: HD10733 loaded with 10 rounds of .40 ammunition;
    vi. (2) PMF AR-style pistols, bearing no serial number, each inside matching cardboard gun boxes (similar branded boxes were located at Montoya's residence and the firearm components were also similar to multiple AR style lower receivers, also located at Montoya's residence);
    vii. Colt Model Colt Auto, .25 ACP pistol, s/n: 379436;
    viii. A black iPhone 13 with Otterbox case;
    ix. (2) 25-round .22 magazines and (1) 16-round Springfield XD .40 magazine;
    x. Body Armor with the defendant's name written on it;
    xi. (1) 32-Round Pro-Mag, Glock-style magazine, (1) 7.62x39mm 10-round magazine, (1) Springfield XD magazine;
    xii. Indicia for the defendant;
    xiii. (20) rounds of .38 Super ammunition;
    xiv. Binder containing firearms paperwork for the defendant;
    xv. (130) rounds of assorted ammunition;
    xvi. (1) 12 gauge magazine, (2) extended pistol magazines, (2) 7.62 magazines, and (1) .38 Super magazine; and
    xvii. (30) rounds of assorted ammunition.

That's eight (8) firearms, several types of ammunition, and numerous magazines.

On the day of the search of the defendant's residence, law enforcement interviewed the defendant regarding the items observed and recovered from his residence. The defendant took ownership of the residence and of the firearms recovered at the residence. The defendant further stated that he buys firearms and flips them for more money, using his Instagram "coupesgoingcrazy" account to buy and sell firearms. The defendant confirmed where he got the PMF AR-style pistols came from and further stated that he received 5-10 firearms from the same source.

### III. CRIMINAL HISTORY

At the time of conduct, the defendant was approximately 29 years old. While he has multiple previous arrests, the defendant has only one previous conviction. On July 30, 2015, the defendant was

convicted for Tampering with a Vehicle, pursuant to California Vehicle Code § 10852. PSR ¶ 34. The defendant was sentenced three years of probation and one year in jail. *Id.*

### IV. SENTENCING GUIDELINES CALCULATIONS

The Government disagrees with the United States Probation Department's Sentencing Guidelines calculation. PSR at ¶ 30-31. Specifically, the Government disagrees that the defendant's Total Offense level is 19. *Id.* at ¶ 30. This Total Offense Level should account for a two-level reduction pursuant to USSG §3E1.1(a) based on the defendant's Acceptance of Responsibility, but not an additional level decrease for assisting authorities by timely notifying authorities of the intention to enter a plea of guilty. *Id.* at ¶ 30. Thus, the offense level should be 20. The Government otherwise agrees with Probation's findings (Base Offense Level 14, Specific Offense Characteristics +8—4 levels for number of firearms and 4 levels for firearms trafficking, and one Criminal History Points). A Total Offense Level of 20 with a Criminal History Category I, yields an advisory sentencing range of 33 to 41 months of imprisonment.

### V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDATION

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully recommends a sentence of 33 months of imprisonment followed by three years of supervised release.[1] Such a sentence would be sufficient, but not greater than necessary, based on the nature of the offense and the history and characteristics of the defendant.

The defendant manufactured and sold firearms with little deterrence. He sold them quickly, brazenly, and indiscriminately. Seemingly anyone who could get in contact with him was able to get firearms and/or ammunition. Family, friends, neighbors, everyone. While the defendant's conduct wasn't violent, it contributes to violence, allowing experimental homemade firearms to land in the hands of those who likely could not get them otherwise. And the defendant sold an array of firearms, that when manufactured professionally, are dangerous; some of his were homemade. While the conduct is significant, the defendant has a limited criminal history. Because his criminal history is minimal, a sentence much higher than 33 months is not warranted. Thirty-three months would be the longest sentence the defendant has received and provides adequate deterrence for future criminal activity.

Given the severity of the conduct and the defendant's criminal history, the Government submits that a sentence of 33 months, which is the bottom of the advisory sentencing range, adequately addresses the seriousness of the crime, the circumstances of the offense, and serves adequate deterrence of future similar conduct while taking into account the history and characteristics of the defendant.

//
//
//
//
//

---

[1] It should be noted that Montoya (22-cr-00230-JST), pled guilty pursuant to a LEADS plea agreement and is pending sentencing.

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 33 months of imprisonment, followed by a 36-month term of supervised release.

DATED: October 6, 2023                                  Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Alexis James*
ALEXIS JAMES
Assistant United States Attorney